NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| LEOCORSA, LLC, a Nevada Limited Liability Company,<br><br>    Plaintiff,<br><br>vs.<br><br>APACHE GOLF, INC., a California Corporation; and DOES 1-10 inclusive,<br><br>    Defendants. | Case No.: 8:16-cv-849-JVS (KESx)<br><br>Hon. James V. Selna<br><br>[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER<br><br>[*Discovery Document: Referred to Magistrate Judge Karen E. Scott*]<br><br>Date:<br>Time:<br>Ctrm: |

**STIPULATED ORDER GOVERNING THE DESIGNATION AND HANDLING OF CONFIDENTIAL MATERIALS**

The Plaintiff in this case is Leocorsa, LLC. Defendant in this case is Apache Golf, Inc. Plaintiff and Defendant are referred to individually as a "Party" and collectively as the "Parties."

1. A. <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential,

**STIPULATED PROTECTIVE ORDER**
**CASE NO.: 8:16-cv-849-JVS-KES**

proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

### B.   GOOD CAUSE STATEMENT

This action is likely to involve trade secrets, customer information and information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Fed. R.Civ. P.26(c)(7) does not limit its reach to "trade secrets," but also allows for protection of "confidential commercial information." Customer lists, as well as sales and revenue information qualify as "confidential commercial information." Parties are not public companies and therefore maintain their financial records as confidential and do not disclose such information publicly. Parties assert that they are competitors, and as such they would suffer competitive harm if certain confidential commercial information were disclosed directly to their respective presidents/owners rather than counsels. Parties believe that the disclosure of all or some of the information listed below might result in an unfair competitive advantage if disseminated to competitors. Such confidential and proprietary materials and information consist of, among other things:

a) confidential business and financial information, including profit margins, sales data, profits and confidential client information;

b) information regarding confidential business practices, including marketing strategies;

c) other confidential research, including technical, consumer and market research;

d) any commercial information implicating privacy rights of third parties;

e) any commercial information implicating privacy rights of third parties; and

e) information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, to conduct discovery of non-parties, including competitors and employees of competitors, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2. <u>DEFINITIONS</u>

2.1 <u>Action</u>: This pending lawsuit with the Case No.: 8:16-cv-849-JVS-KES.

2.2 <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3 <u>"CONFIDENTIAL" Information or Items:</u> all information in whatever form such as oral, written, documentary, tangible, intangible, electronic, or digitized now or hereafter in existence that:

(a) is regarded by Disclosing Party as being confidential, personal, private, or

proprietary in nature such that it qualifies for protection under Fed. R Civ. P 26(c)(1)(G) and/or is the subject of efforts that are reasonable under the circumstances to maintain its secrecy;

(b) is protected under the Uniform Trade Secrets Act, California Civil Code section 3426, *et. seq.*, in that such information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means, by other persons who can obtain economic value from its disclosure or use; and

(c) as specified above in the Good Cause Statement.

2.4   Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5   Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or CONFIDENTIAL—Attorneys' Eyes Only"

2.6   Disclosure of Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7   Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8   House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9   Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10   Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have

appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11 <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL—Attorneys' Eyes Only"

2.15 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4. <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with

or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. DESIGNATING PROTECTED MATERIAL

    5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

    Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

    If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

    Any Party or third party may designate Confidential Information as "CONFIDENTIAL—Attorney's Eyes Only," if such party represents its good faith belief that: (a) the criteria set forth in paragraph 2.2.3 above is met; and (b) disclosure of such information to another party in this suit would cause the Disclosing Party substantial harm.

    5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

1  stipulated or ordered, Disclosure or Discovery Material that qualifies for protection
2  under this Order must be clearly so designated before the material is disclosed or
3  produced.

4      Designation in conformity with this Order requires:

5      (a) for information in documentary form (e.g., paper or electronic documents,
6  but excluding transcripts of depositions or other pretrial or trial proceedings), that the
7  Producing Party affix at a minimum, the legend "CONFIDENTIAL" or
8  "CONFIDENTIAL—Attorneys' Eyes Only", to each page that contains protected
9  material. If only a portion or portions of the material on a page qualifies for
10 protection, the Producing Party also must clearly identify the protected portion(s)
11 (e.g., by making appropriate markings in the margins).

12     A Party or Non-Party that makes original documents available for inspection
13 need not designate them for protection until after the inspecting Party has indicated
14 which documents it would like copied and produced. During the inspection and before
15 the designation, all of the material made available for inspection shall be deemed
16 "CONFIDENTIAL" After the inspecting Party has identified the documents it wants
17 copied and produced, the Producing Party must determine which documents, or
18 portions thereof, qualify for protection under this Order. Then, before producing the
19 specified documents, the Producing Party must affix the legend "CONFIDENTIAL"
20 or CONFIDENTIAL—Attorneys' Eyes Only" to each page that contains Protected
21 Material. If only a portion or portions of the material on a page qualifies for
22 protection, the Producing Party also must clearly identify the protected portion(s)
23 (e.g., by making appropriate markings in the margins).

24     (b) for testimony given in depositions, that the Designating Party identify the
25 Disclosure or Discovery Material as Confidential" or "Confidential—Attorneys' Eyes
26 Only" on the record, at any point before the close of the deposition by so stating on
27 the record and identifying the level of protection desired.

28     (c) for information produced in some form other than documentary and for any

other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or CONFIDENTIAL—Attorneys' Eyes Only." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

     5.3   <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

     6.1   <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

     6.2   <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

     6.3   The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.   LEVELS OF CONFIDENTIALITY

     1.   Any information designated as "CONFIDENTIAL" or "CONFIDENTIAL—Attorneys' Eyes Only" shall be restricted in accordance with the following levels of confidentiality:

2. "CONFIDENTIAL—Attorneys' Eyes Only"—Information designated as "Confidential—Attorneys' Eyes Only" shall be restricted to viewing, copying by, and disclosure to:

    a. Counsel acting on behalf of the Parties in this matter, excluding House Counsel;

    b. The Court including all personnel of the Court;

    c. Witnesses during deposition;

    d. Experts and consultants necessarily retained by Counsel of record in this litigation and their colleagues, advisors, and secretarial and clerical assistants who are actively assisting in the preparation, evaluation, and trial of this Litigation;

    e. Professional vendors;

    f. Court reporters and other persons involved in recording testimony in this Litigation;

    g. Any other person to whom disclosure is required by law; and

    h. Insurers of the Parties and their counsel.

3. Before information designated as "Confidential—Attorneys' Eyes Only," or contents thereof, are disclosed to any person specified in paragraphs IV(2)(d) or 7(2)(e) above, counsel for the Party disclosing such information shall provide to those persons a copy of this Protective Order, and such person must agree (i) to be bound by the terms hereof by signing the "Acknowledgment and Agreement to be Bound" attached hereto as Exhibit A. Information designated as "Confidential—Attorneys' Eyes Only" shall not be viewed by the Receiving Party or by anyone acting on its behalf, other than its respective counsel, except as set forth above.

4. "CONFIDENTIAL"—Information designated as "Confidential" shall be restricted to viewing, copying by, and disclosure to:

    a. All "CONFIDENTIAL—Attorneys' Eyes Only" persons;

    b. All employees, officers, directors and House counsel of each Party of record. It is not necessary that each such person sign this Protective Order, provided

that the Receiving Party has previously notified all employees, officers, and directors of the existence of this Protective Order, its terms, and the consequences of an unauthorized disclosure; and

      c.      Witnesses or potential witnesses in this Litigation.

8. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

      8.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

      Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

      8.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to in accordance with Par. 7.4 and any information or item designated "CONFIDENTIAL—Attorneys' Eyes Only" in accordance with Par. 7.2:

9. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

      If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or CONFIDENTIAL—Attorneys' Eyes Only" that Party must:

      (a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

      (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or

order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or CONFIDENTIAL—Attorneys' Eyes Only" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

10. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or CONFIDENTIAL—Attorneys' Eyes Only"  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated

Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

11. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

12. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

The inadvertent or unintentional disclosure of protected information (e.g., "Confidential" or "Confidential—Attorneys' Eyes Only" or any other privileged or protected item, regardless of whether the item was so designated at the time of disclosure) shall not be deemed a waiver, in whole or in part, of a Party's claim of protection or privilege, either as to the specific information disclosed therein or on the

same or related subject matter.

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). However, any such disclosure shall be presumed to be inadvertent.

13. <u>GOOD FAITH DISCLOSURE TO FACILITATE THE SETTLEMENT DISCUSSIONS</u>

In the interest of promoting settlement discussions, the Parties agree to make exceptions to the disclosures of certain confidential documents on a case by case basis, including but not limited to financial information. Before violating any confidential designations, each Party agrees to obtain the consent of the other Party.

14. <u>MISCELLANEOUS</u>

14.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

14.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3 Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

15. <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in paragraph 4, within 60

days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

//
//
//
//
//
//
//
//
//
//
//

16. Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: August 5, 2016                **KOPPEL PATRICK HEYBL & PHILPOTT**

By:   /s/Gregory Z. Boger
      Brian J. Philpott
      Corey A. Donaldson
      Gregory Z. Boger
      Attorneys for Plaintiff
LEOCORSA, LLC

Dated: August 5, 2016                **GAUNTLETT & ASSOCIATES**

By:   /s/ James A. Lowe
      David A. Gauntlett
      James A. Lowe
      Attorneys for Defendants
      APACHE GOLF, Inc.

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: <u>August 10, 2016</u>

_____
KAREN E. SCOTT
United States Magistrate Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A**

# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, \_\_\_\_\_[print or type full name]\_\_\_\_\_, of \_\_\_\_\_[print or type full address]\_\_\_\_\_, declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California on [_____ \_\_\_\_, 201\_\_] in the case of Leocorsa, LLC *v. Apache Golf, Inc et al.*, Case Number 8:16-cv--JLS-KES (the "Protective Order"). I agree to comply with and to be bound by all the terms of the Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to the Protective Order to any person or entity except in strict compliance with the provisions of the Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of the Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____[print or type full name]_____ of _____[print or type full address and telephone number]\_\_\_\_\_ as my California agent for service of process in connection with this action or any proceedings related to enforcement of the Protective Order.

Date:

City and State where sworn and signed:


Printed name:

Signature

17

**STIPULATED PROTECTIVE ORDER**
**CASE NO.: 8:16-cv-849-JVS-KES**